UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NORTHSTAR RECYLCING COMPANY, INC.,**

    **Plaintiff,**

 v.

**JT ENVIRO, LLC,**

    **Defendant.**

**Case No. 2:24-cv-1936**
**JUDGE EDMUND A. SARGUS**
**Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Northstar Recycling Company Inc.'s Motion for Default Judgment. (Mot., ECF No. 10.) The time for filing a response has passed and Defendant JT Enviro, LLC has not responded. For the reasons below, Northstar's Motion is **GRANTED**.

## BACKGROUND

In September 2022, Northstar and JT Enviro signed an agreement known as the By-Product Processing Agreement under which Northstar paid JT Enviro to process and transport food by-products generated by one of Northstar's clients, General Mills, at its Wellston, Ohio facility. (Compl., ECF No. 1, ¶¶ 4–5, 15; *see also* Agreement, ECF No. 10-2.) JT Enviro could also purchase the by-products to resell for a profit. (*Id.* ¶¶ 14–15.) The parties agreed that all payments between Northstar and JT Enviro were due 30 days from the receipt of invoice. (*Id.* ¶ 16.)

For a year, JT Enviro made timely payments and received by-products for its own processing and re-sale. (*Id.* ¶¶ 6, 19.) But in September 2023, JT Enviro fell behind on its payments. (*Id.*) Northstar alleges that it tried to work with JT Enviro to reconcile the past-due payments, including by proposing a payment plan. (*Id.* ¶ 21.) According to Northstar, JT Enviro agreed to the proposed payment schedule, but then failed to adhere to the payment plan. (*Id.* ¶ 22.)

1

Northstar then brought this action for breach of contract and, in the alternative, unjust enrichment. (Compl. ¶¶ 27–41.)

In its Complaint, Northstar explained that when the Complaint was filed on April 22, 2024, JT Enviro had an outstanding balance of $361,391.65. (*Id.* ¶ 24.) But Northstar explained that not all of charges incurred by JT Enviro had been billed, and thus the final outstanding balance may be higher. (*Id.*) Northstar also clarified that JT Enviro may be entitled to offset roughly $102,775 from the total outstanding balance. (*Id.*)

When JT Enviro failed to answer the Complaint or otherwise defend in this action, Northstar applied for and received an entry of default. (ECF Nos. 8, 9.) Northstar then moved for default judgment. (Mot.) Northstar seeks $389,452.20 in damages from JT Enviro's outstanding balance, prejudgment and post-judgment interest, and attorneys' fees and costs. (*Id.* PageID 45.) JT Enviro has not responded and the time to do so has passed.

## STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure governs defaults and default judgments. Fed. R. Civ. P. 55. The first step is to obtain an entry of default by the clerk, which is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit, or otherwise." Fed. R. Civ. P. 55(a). Once default is entered, a party may move for default judgment from either the clerk or, as is relevant here, from the Court. Fed. R. Civ. P. 55(b); *see also, e.g.*, *Hoover v. 4 Seasons Motors Inc.*, No. 2:21-cv-4177, 2022 U.S. Dist. LEXIS 130140, at *4 (S.D. Ohio July 21, 2022) (describing the two-step process in obtaining a default judgment).

Upon the clerk's entry of default, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Hoover*,

2022 U.S. Dist. LEXIS 130140, at *4 (quoting *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 U.S. Dist. LEXIS 15877, at *3 (S.D. Ohio Feb. 10, 2015) (Newman, J.)). But allegations of damages may be "accepted as true, thereby bypassing the necessity of a hearing, where 'the amount claimed is capable of ascertainment from definite figures contained in detailed affidavits.'" *Bds. of Trs. of the Ohio Laborers Bens. v. Karnak Concrete LLC*, No. 2:20-cv-1210, 2024 U.S. Dist. LEXIS 120120, at *4 (S.D. Ohio July 9, 2024) (Marbley, C.J.) (quoting *Iron Workers Dist. Council of S. Ohio & Vicinity Ben. Tr. v. NCR Clark, LLC*, No. 3:14-CV-00070, 2014 U.S. Dist. LEXIS 119035, at *4 (S.D. Ohio Aug. 26, 2014) (Rose, J.)). Thus, the "Court may enter an award without a hearing when plaintiff's claim is for sum certain or a sum that can be made certain by computation." *Bds. of Trs. of the Ohio Laborers Bens. v. Kyle J. Sherman Excavating, LLC*, No. 2:23-cv-2476, 2024 U.S. Dist. LEXIS 34246, at *3 (S.D. Ohio Feb. 28, 2024) (Graham, J.).

## ANALYSIS

Northstar seeks default judgment on its breach of contract claim against JT Enviro in the amount of $389,452.20. (Mot.) Northstar requests prejudgment interest, post-judgment interest, as well as attorneys' fees and costs. (*Id.* PageID 45.) The Court will address each request in turn.

### I. Monetary Damages for Breach of Contract

Northstar seeks an award of monetary damages for JT Enviro's breach of the By-Product Purchasing Agreement in the amount of $389,452.20. Northstar alleges that JT Enviro breached the agreement by failing to pay for the by-products it acquired within 30 days of receiving an invoice. Even though the Court accepts the factual allegations regarding liability as true, the Court still must determine that the facts in the complaint state a claim for relief against the defendant. *Kuhlman v. McDonnell*, No. 1:20-cv-510, 2022 U.S. Dist. LEXIS 23846, at *4 (S.D. Ohio Feb. 10, 2022) (Cole, J.).

To establish breach of contract under Ohio law,[1] a plaintiff must show that (1) a contract existed, (2) the plaintiff performed, (3) the defendant breached, and (4) the plaintiff suffered damages from the breach. *Excell Marine Corp. v. Stagg Marine, Inc.*, No. 1:22-cv-655, 2024 U.S. Dist. LEXIS 79033, at *5 (S.D. Ohio Apr. 30, 2024) (McFarland, J.) (granting motion for default judgment on breach of contract claim under Ohio law).

Here, the parties formed an agreement known as the By-Product Processing Agreement. (ECF No. 10-2.) Under that agreement, Northstar agreed to pay JT Enviro to transport and process certain by-products generated by one of Northstar's clients, General Mills, at its Wellston, Ohio facility. (Compl., ¶¶ 4–5, 15.) JT Enviro could then purchase the by-products to process and resell for a profit. (*Id.*) Northstar alleges that it performed under the agreement by providing JT Enviro with by-products, here fryer oil, and that JT Enviro failed to compensate Northstar. (*Id.* ¶¶ 29–31.) JT Enviro's failure to pay Northstar within 30 days of receiving an invoice breached the agreement and caused Northstar to suffer damages in the amount of $389,452.20. (*Id.* ¶¶ 32–34.) By failing to answer, appear, or otherwise defend against this action, JT Enviro is deemed to have admitted these allegations. Accordingly, the Court finds that Northstar has adequately stated a breach of contract claim against JT Enviro and is entitled to default judgment.

Turning to damages, Northstar provides evidence in the form of invoices, an accounts receivable ledger, and affidavits to establish the calculability of its damages. (*See* Goodman Aff., ECF No. 10-1; Accounts Receivable Ledger, ECF No. 10-3; Northstar Invoices, ECF No. 10-4; JT Enviro Invoices, ECF No. 10-5.) The President of Northstar, Noah Goodman, states in his affidavit that as of July 3, 2024, JT Enviro owed Northstar $561,828.20 based on Northstar's Accounts Receivable Ledger. (Goodman Aff. ¶ 11; Accounts Receivable Ledger, PageID 70.) He

---

[1] The parties' agreement provides that the rights of the parties "shall be determined in accordance with the laws of the State of Ohio." (Agreement, ECF No. 10-2, PageID 59–60.)

then states that amount is offset by $172,376.00 that Northstar owes to JT Enviro. (Goodman Aff. ¶ 12; JT Enviro Invoices, PageID 453–71.) Northstar's total damages thus equals $389,452.20. (Goodman Aff. ¶ 13.)

This uncontested evidence establishes the calculability of Northstar's damages. The Court is satisfied that it can determine the appropriate damages without an evidentiary hearing. Based on this evidence, Northstar is entitled to a damages award on its breach of contract claim of $389,452.20.

## II. Interest

On top of damages, Northstar seeks interest. (Mot., PageID 45.) Northstar requests "prejudgment interest at a rate of 8%, as allowed by O.R.C. § 1343.03(A), accruing from May 9, 2024, [and] post-judgment interest at the maximum rate allowed by law." (*Id.*) In diversity cases, "federal law controls post-judgment interest but state law governs awards of prejudgment interest." *Est. of Riddle ex rel. Riddle v. S. Farm Bureau Life Ins.*, 421 F.3d 400, 409 (6th Cir. 2005) (quotation omitted). The Court will address each in turn.

### A. Prejudgment Interest

Northstar requests prejudgment interest at the maximum rate allowed under Ohio Revised Code § 1343.03(A). (Mot., PageID 45.) Ohio law provides for prejudgment interest to the party that obtains a judgment on a contract claim. Ohio Rev. Code. § 1343.03(A); *see also Cabatech, LLC v. Nextlight, LLC*, No. 1:22-cv-59, 2024 U.S. Dist. LEXIS 141124, at *11 (S.D. Ohio Aug. 8, 2024) (McFarland, J.) (awarding prejudgment interest on motion for default on breach of contract claim). Under Ohio Revised Code § 1343.03(A), "when money becomes due and payable . . . upon all judgments, decrees, and orders of any judicial tribunal for the payment of the money arising out of . . . a contract or other transaction, . . . the creditor is entitled to interest at the rate

5

per annum determined pursuant to section 5703.47 of the Revised Code," unless some other contractual rate applies. Ohio Rev. Code § 1343.03(A). The purpose of an award of prejudgment interest is to compensate a plaintiff for the period between accrual of the claim and judgment. *Id.* (quotation omitted); *Desai v. Geico Cas. Co.*, 574 F. Supp. 3d 507, 521 (N.D. Ohio 2021) (explaining that prejudgment interest is not intended to be punitive).

Plaintiff is entitled to prejudgment interest. Since Northstar does not allege that a different contractual rate should apply, the Court applies the standard rate under Ohio Revised Code § 5703.47. That annual rate is determined annually by the tax commissioner. For 2024, that rate is 8.0% per annum. *See* https://tax.ohio.gov/researcher/interest-rates. Northstar alleges that prejudgment interest should accrue from May 9, 2024 until the date judgment is entered. (Mot., PageID 45.) Consequently, JT Enviro is responsible for prejudgment interest at the applicable statutory rate of 8.0% per year on the $389,452.20 damage award from May 9, 2024 until the date of this Order.

### B. Post-Judgment Interest

Northstar also seeks post-judgment interest. Under 28 U.S.C. § 1961(a), the Court has no discretion to deny any post-judgment interest because it is mandatory. *Cabatech, LLC*, 2024 U.S. Dist. LEXIS 141124, at *12 (citing *Caffey v. UNUM Life Ins.*, 302 F.3d 576, 586 (6th Cir. 2002)). That statute provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court" and "shall be calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System." 28 U.S.C. § 1961(a). The purpose of post-judgment interest is "to compensate the prevailing plaintiff for the time-value of money lost between the occurrence of damages and the defendant's payment at a later date." *CAPSA Sols., LLC v. Concord*

6

*Healthcare Grp., LLC*, No. 2:18-cv-594, 2019 U.S. Dist. LEXIS 172714, at *7 (S.D. Ohio Oct. 4, 2019) (Vascura, M.J.) (awarding both prejudgment and post-judgment interest on default judgment).

Accordingly, JT Enviro is ordered to pay post-judgment interest at the applicable statutory rate from the date of this Order until the judgment is satisfied.

### III. Attorneys' Fees

Finally, Northstar seeks attorneys' fees. (Mot., PageID 45.) Generally, a prevailing party may not ordinarily recover attorneys' fees without an enforceable contract or statutory provision providing for a fee award. *Williams v. ABX Air*, No. 1:06-cv-833, 2007 U.S. Dist. LEXIS 71974, at *19 (S.D. Ohio Sep. 27, 2007) (Barrett, J.) (citing *Shimman v. Int'l Union of Operating Eng'rs, Loc. 18*, 744 F.2d 1226, 1229 (6th Cir. 1984)). "This general rule, known as the 'American Rule,' is recognized by Ohio law." *Cabatech, LLC*, 2024 U.S. Dist. LEXIS 141124, at *12 (citing *Wilborn v. Bank One Corp.*, 906 N.E.2d 396, 400 (Ohio 2009)).

The By-Product Processing Agreement states that "[i]n the event of legal action instituted by either Party to enforce the Agreement, the prevailing Party shall be entitled to reasonable attorneys' fees and actual costs in connection with such Action." (Agreement, ECF No. 10-2, PageID 60; *see also* Goodman Aff. ¶ 8.) Although the agreement suggests that Northstar may be entitled to attorneys' fees and costs as the prevailing party, Northstar has not provided the Court with a specific amount of attorneys' fees accumulated in connection with this action. The Court is also without timesheets detailing the number of hours billed and a description of the work rendered to determine the reasonableness of the attorneys' fee award.

Accordingly, at this juncture the Court will refrain from determining whether Northstar is entitled to an award of attorneys' fees and costs. Northstar may file a supplemental motion for

7

attorneys' fees, within 30 days of this Order, providing support for the amount of attorneys' fees requested and an analysis for why such fees are reasonable. The Court will defer determination of Northstar's request for attorneys' fees and costs pending such motion.

## CONCLUSION

Northstar's Motion for Default Judgment (ECF No. 10) is **GRANTED**, and the Clerk is **DIRECTED** to enter judgment for Plaintiff Northstar Recycling Company and against Defendant JT Enviro, LLC on Northstar's breach of contract claim. Northstar is **AWARDED** $389,452.20 in damages, plus prejudgment interest at 8.0% per annum on the $389,452.20 damage award from May 9, 2024 until the date of this Order, and post-judgment interest at the applicable statutory rate set forth above. Northstar is **ORDERED** to file a supplemental motion for attorneys' fees, if any, within 30 days of this Court's Order.

The Clerk is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

| | |
|---|---|
| **10/11/2024** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |